# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROGER L. PERKINS,

Plaintiff,

v.

SUPERIOR COURT OF TUOLUMNE COUNTY, et al.,

Defendants.

_____/

Case No. 1:26-cv-02601-JLT-SKO

**FINDINGS AND RECOMMENDATIONS THAT:**

**(1) COUNTS ONE, TWO, THREE, FIVE, & SIX BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION;**

**(2) COUNT FOUR, AS AGAINST DEFENDANT CAMPBELL, BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION;**

**(3) COUNT FOUR, AS AGAINST DEFENDANT NUTTING, AND COUNT SEVEN BE DISMISSED FOR FAILURE TO STATE A CLAIM WITH LIMITED LEAVE TO AMEND;**

**(4) COUNT EIGHT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, WITH LIMITED LEAVE TO AMEND SUBJECT TO PLAINTIFF STATING A CLAIM ESTABLISHING FEDERAL JURISDICTION**

(Doc. 1)

On April 6, 2026, Plaintiff Roger L. Perkins, proceeding pro se and *in forma pauperis*, filed a civil action. (Doc. 1 ("Compl.").

Plaintiff's complaint is now before the Court for screening. The undersigned finds that Plaintiff has not stated a basis for federal jurisdiction as to some claims and has not stated a cognizable claim as to the remaining claims, and will recommend that this action be dismissed without prejudice and with limited leave to amend.

## I.    SCREENING REQUIREMENT

In cases, as here, where the plaintiff is proceeding *in forma pauperis*, (Doc. 3), the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    COURT'S OBLIGATION TO ASSURE ITSELF OF JURISDICTION

A federal court has an "independent obligation" to assure itself of jurisdiction before proceeding to the merits of any case. *See*, *e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251,

256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992).

### III.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is framed as a civil rights action brough by Plaintiff, "a licensed California General Contractor . . . homeowner, [] business owner, and [] father" for "the systematic, coordinated, and unconstitutional deprivation of his most fundamental right: the right to be present in the lives of his two minor children." (Compl. at 6).  Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) as to his federal claims and supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367.  Plaintiff names the following as Defendants: Judges Hallie Gorman Campbell, Laura Craig, and Kimberly Gaab, sitting judge of the Superior Court of Tuolumne County sued individually and in her official capacity; Central Sierra Child Support Agency ("CSCSA"), a public agency; California Department of Child Support Services ("DCSS"); Ryan Campbell, husband of Judge Campbell and member of the Board of Directors of CSCSA; Nathan Israel Nutting, Brian Ochoa Chavez, Julie Salkeld, and Alonzo Gradford, all attorneys who represented various persons in underlying state cases; Rikki Nicole Green and Ashley Annette Winans, the biological mothers of Plaintiff's two minor children, and the County of Tuolumne. (*Id.* at 10–13).

Plaintiff brings the following claims: (1) a section 1983 claim asserted against all Defendants for the violation of the Fourteenth Amendment's Due Process Clause based on allegations of a deprivation of a fundamental liberty interest in Plaintiff's parental rights; (2) a section 1983 claim asserted against Defendant Judges Campbell, Craig, Gaab, and the County of Tuolumne for the violation of the Fourteenth Amendment's Due Process Clause regarding the issuance of *void ab initio* orders; (3) a section 1983 claim asserted against Defendants CSCSA, DCSS, and the County of Tuolumne for the violation of the Fourteenth Amendment based on alleged enforcement of void orders and deprivation of property; (4) a section 1983 claim asserted against Defendant Judge Campbell and Defendant Nathan Nutting alleging a violation of the Fourteenth Amendment's Due Process Clause based on unauthorized *ex parte* communications; (5) a section 1983 claim asserted

3

against Defendant Judges Campbell, Craig, and Gaab for the violation of the Fourteenth Amendment's Equal Protection Clause; (6) a section 1985(3) claim asserted against all Defendants based on allegations of a conspiracy to deprive civil rights; (7) a section 1983 claim asserted against Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting alleging a violation of the First and Fourteenth Amendments based on denial of access to courts; and (8) a violation of the Uniform Child-Custody Jurisdiction and Enforcement Act asserted against Defendant Green alleging unauthorized interstate relocation of a minor child against. (*Id.* at 21–25).

Plaintiff seeks various forms of declaratory and injunctive relief, compensatory damages, punitive damages, and attorney's fees. (*Id.* at 27).

**IV.    ANALYSIS**

**A.    This Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine as to Claims One, Two, Three, Five, & Six.**

Under the *Rooker-Feldman* doctrine, a district court has no jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). "The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011)). "The purpose of the Doctrine is to protect state court judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

To determine whether the *Rooker-Feldman* doctrine applies, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A *de facto* appeal exists when "a federal plaintiff asserts

4

as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id*. at 1164. If "a federal plaintiff seeks to bring a forbidden *de facto* appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden *de facto* appeal is brought." *Id*. at 1158. "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)).

The *Rooker-Feldman* doctrine applies even when a state court judgment is not made by the highest state court, *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 221 (9th Cir. 1994), or when a state court order is not final, *Worldwide Church of God*, 805 F.2d at 893 n.3. It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

In this lawsuit, Plaintiff essentially seeks an order overturning the adverse decisions of Judges Campbell, Crage, and Gaab and reversing their enforcement. (Compl. at 21–24, 26). He asserts as a legal wrong the allegedly erroneous state court orders and seeks relief from those decisions and their enforcement. (*See id.* at 26 (seeking declaratory relief that "orders issued by Judge Campbell in FL18120 from October 26, 2020 forward are void ab initio," "[a] declaration that all FL14649 orders flowing from Campbell's tainted record and adopted by Judge Craig are void ab initio;" "[p]reliminary and permanent injunctive relief enjoining enforcement of all void orders;" "[n]ew custody hearings for both FL18120 and FL14649 before a fully disqualified, conflict-free judicial officer, with Plaintiff's clean record placed squarely before the court"). Plaintiff's claim is plainly a *de facto* appeal of Judges Campbell, Craig, and Gaab's rulings and their subsequent enforcement, and the issues raised in claims one, two, three, five, and six are "inextricably intertwined" with Judge Campbell, Craig, and Gaab's orders from which the forbidden *de facto* appeal is taken. *See Noel*, 341 F.3d at 1158.

Thus, the undersigned finds that the Court lacks jurisdiction as to claims one, two, three, five, and six and therefore recommends that these claims should be dismissed without leave to

amend as amendment would be futile where the theory itself is precluded by the *Rooker-Feldman* doctrine.  *See, e.g.*, *Semar Ventures, LLC v. Thornburg Mort. Sec. Trust 2007-3*, No. SACV2002238CJCJDEX, 2021 WL 3598731, at *5 (C.D. Cal. Apr. 30, 2021).

**B.    This Court Lacks Subject Matter Jurisdiction Over Claims One, Two, Four, Five, & Six as to Defendant Judges Campbell, Craig, and Gaab because those Defendants Are Entitled to Absolute Judicial Immunity.**

Even if the *Rooker-Feldman* did not preclude claims against Defendant Judges Campbell, Craig, and Gaab, those claims would still be subject to dismissal for lack for lack of subject matter jurisdiction.

It is well established that judges are absolutely immune from civil suits for acts performed in their judicial capacities.  *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 & n.10 (1993); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 357–60 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872).  Absolute judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).  Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Mullis v. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Plaintiff alleges that Judges Campbell, Craig, and Gaab's orders violate the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1985(3). (Compl. at 21–24).  There are only two situations in which a judicial officer will not be entitled to judicial immunity.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted).  The Supreme Court has stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the

parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Here, Plaintiff's claim against Judges Campbell, Craig, and Gaab are based solely on acts performed in their judicial capacity. And while Plaintiff makes a conclusory allegation that Judge Campbell, Craig, and Gaab's actions were taken in the absence of jurisdiction, there are no facts alleged to support that legal conclusion. Indeed, courts have consistently ruled that arguments that a judge acted outside of their jurisdiction based on allegations that a judge failed to recuse fail as a matter of law. *See Herman v. Los Angeles Superior Ct.*, No. 2:21-CV-09291-AB-PD, 2022 WL 2056765, at *4 (C.D. Cal. Apr. 14, 2022), *report and recommendation adopted*, No. 2:21-CV-09291-AB-PD, 2022 WL 2047704 (C.D. Cal. June 7, 2022); *Hudack v. Holmes*, 2016 WL 4154940, at *1-3 (C.D. Cal. 2016); *Beaujayam v. Manoukian*, No. C 11-05710 SI, 2012 WL 1711813, at *2 (N.D. Cal. May 15, 2012) ("even if Judge Manoukian should have recused himself . . . the Judge's error would have resulted in his acting 'in excess of his authority,' not in clear absence of all jurisdiction sufficient to deprive him of judicial immunity"). Further, courts have held that judges also enjoy absolute judicial immunity from claims involving allegations of improper ex parte communications where, as here, the meeting was judicial in nature. *See*, *e.g.*, *Ward v. City of Barstow*, No. EDCV150444DSFRNB, 2015 WL 4497950, at *4 (C.D. Cal. July 22, 2015); *see also Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding . . . does not pierce the immunity extended to judges").

Accordingly, the undersigned finds that Judges Campbell, Craig, and Gaab are entitled to absolute judicial immunity, and recommends that Plaintiff's claims against them be dismissed for lack of subject matter jurisdiction.

**C.      This Court Lacks Subject Matter Jurisdiction Over Claims One, Three, & Six as to Defendants CSCSA and DCSS because those Defendants Are Entitled to Quasi-Judicial Immunity.**

Even if the *Rooker-Feldman* did not preclude claims against Defendant CSCSA and DCSS, those claims would still be subject to dismissal for lack of subject matter jurisdiction. Plaintiff's first, third, and sixth causes of action against CSCSA and DCSS are brought pursuant to 42 U.S.C. § 1983 and 1985 for violations of the Fourteenth Amendment and conspiracy to deprive Plaintiff of

his civil rights.  (*See* Compl. at 22–23).  The undersigned construes the basis of Plaintiff's claims as challenging these Defendants' enforcement of allegedly void orders.  (*See id.* at 21 (alleging as to count one that "Defendants acting under color of state law stripped Plaintiff of all custody of both children through void proceedings, fabricated evidence, unauthorized ex parte communications, and conflicted attorneys [] without due process of law"); *id.* at 22 (alleging as to count three that "CSCSA and DCSS imposed arrears and pursued enforcement — including suspension of Plaintiff's contractor license — based on void orders issued by a disqualified judge"); *id.* at 24 (alleging as to count six that "Defendants conspired and acted in concert to deprive Plaintiff of his constitutional rights through . . . enforcement of void orders through CSCSA to destroy Plaintiff's livelihood; and unauthorized relocation of his daughter to Texas")).  These theories of liability are barred by the doctrine of quasi-judicial immunity.

As to the act of executing and enforcing court orders in child support proceedings and suspending Plaintiff's contractor license "based on void orders issued by a disqualified judge," the Ninth Circuit has recognized that the execution of court orders is an integral quasi-judicial function that deserves the protection of absolute immunity.  *See Coverdell v. Dept. of Soc. & Health Servs.*, 834 F.2d 758, 764–65 (9th Cir. 1987) (internal citation omitted).  Quasi-judicial "[i]mmunity flows from the nature of the function performed, not the identity of the actor who performed it."  *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018).  Therefore, any Defendant whose liability is based on the execution of court orders would therefore "be cloaked in quasi-judicial immunity so long as he is carrying out the explicit orders of the court."  *Foley v. Graham*, No. 216CV01871JADVCF, 2020 WL 4736457, at *4 (D. Nev. Aug. 14, 2020).

In sum, based on the facts alleged, the undersigned finds that Plaintiff's theory of liability as to his third claim against Defendants CSCSA and DCSS are barred by an immunity doctrine and recommends these claims be dismissed without leave to amend as the undersigned finds these claims fail as a matter of law.  *See, e.g.*, *Lucero v. Baker*, No. 2:24-CV-2855-DC-JDP (PS), 2025 WL 894615, at *1 (E.D. Cal. Mar. 24, 2025), *report and recommendation adopted*, No. 2:24-CV-02855-DC-JDP (PS), 2025 WL 2652169 (E.D. Cal. Sept. 16, 2025), *reconsideration denied*, No. 2:24-CV-02855-DC-JDP (PS), 2026 WL 295573 (E.D. Cal. Feb. 4, 2026).

**D.    Plaintiff fails to State a Claim for Any Violation of Section 1983 Against Defendants Ochoa Chavez, Salkeld, Gradford, & Nutting as to Claims Four & Seven.**

Plaintiff also brings claims against Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting pursuant to section 1983 for violations of the First and Fourteenth Amendments. (Compl. 21, 23–25).

As an initial matter, there is a presumption that private individuals and entities not affiliated with a state or municipal government generally do not meet the elements of section 1983 that a defendant was acting "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). However, the actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 or 1985 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). If Plaintiff seeks to allege a claim under Section 1983 against a private individual or entity, he bears the burden to establish state action under one of the aforementioned tests. *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

The undersigned finds that Plaintiff's conclusory allegations, (*see*, *e.g.*, Compl. at 23 (alleging, in support of claim four against Defendant Nutting, that "unauthorized ex parte communications between a disqualified judge and opposing counsel — private chamber meetings in which deals were made affecting case outcomes outside Plaintiff's presence — constitute a per se violation of Plaintiff's due process right to a fair and impartial tribunal and are independently actionable under 42 U.S.C. § 1983"); Compl. at 25 (alleging Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting "denied Plaintiff meaningful access to the courts by collecting over $26,000

9

without effective representation, abandoning him at critical stages, withholding his case file, publicly defaming him to prevent replacement counsel, and operating with undisclosed conflicts that corrupted both proceedings")), fail to establish a *prima facie* case that these private actors, acting as private attorneys, acted in ways attributable to the government qualifying as "state action" sufficient to state a claim for a violation of section 1983.

Therefore, the undersigned recommends finding that Plaintiff has failed to state a claim as to these claims, but that he be granted limited leave to amend this complaint to attempt to allege a section 1983 claim against Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting.  As to any such amendment, Plaintiff would need to allege how private Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting's actions qualify as state action pursuant to at least one of the above tests.

**E.    This Court Does Not Have Jurisdiction Over Plaintiff's State Law Claim--Claim Eight**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  However, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  *See* 28 U.S.C. § 1367.  Because all of Plaintiff's federal claims either fail as a matter of jurisdiction or fail to state a claim, the undersigned finds that this Court does not have jurisdiction over count eight, Plaintiff's state law claim and therefore recommends that it be dismissed with limited leave to amend insofar as Plaintiff is able to state a claim establishing federal jurisdiction.

**F.    Leave to Amend**

The undersigned has screened Plaintiff's complaint and finds that the Court does not have subject matter jurisdiction over the majority of Plaintiff's claims, and the claims over which the Court does have jurisdiction, fail to state a cognizable claim.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."

Accordingly, the undersigned recommends providing Plaintiff with time to file an amended complaint, so he can provide additional factual allegations as to claim four against *only* Defendant Nutting and claim seven. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

**V.     CONCLUSION & RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1.     Counts One, Two, Three, Five, & Six be DISMISSED for lack of subject matter jurisdiction;

2.     Count Four, as against Defendant Campbell, be DISMISSED for lack of subject matter jurisdiction,

3.     Count Four, as against Defendant Nutting, and Count Seven be DISMISSED for failure to state a claim, with limited leave to amend; and

4.     Count Eight be DISMISSED for lack of subject matter jurisdiction, with leave to amend subject to Plaintiff stating a claim establishing federal jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days after being served with these Findings and Recommendation**, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2026**                          /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE