# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROGER L. PERKINS,

Plaintiff,

v.

SUPERIOR COURT OF TUOLUMNE COUNTY, et al.,

Defendants.

Case No. 1:26-cv-02601-JLT-EGC

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND**

(Doc. 8)

On April 6, 2026, Plaintiff Roger L. Perkins, proceeding pro se and *in forma pauperis*, filed a civil action. (Doc. 1 ("Compl.")).

On April 21, 2026, the Court screened Plaintiff's complaint and recommended that (1) counts one, two, three, five, & six be dismissed for lack of subject matter jurisdiction; (2) count four, as against Defendant Campbell, be dismissed for lack of subject matter jurisdiction; (3) count four, as against Defendant Nutting, and count seven be dismissed for failure to state a claim with limited leave amend; and (4) count eight be dismissed for lack of subject matter jurisdiction, with limited leave to amend subject to plaintiff stating a claim establishing federal jurisdiction. (Doc. 4). The District Court adopted these findings and recommendations in full on May 8, 2026. (Doc. 7).

On June 5, 2026, Plaintiff filed a First Amended Complaint ("FAC"), which is now before the Court for screening. (Doc. 8 ("FAC")). Upon review, the undersigned finds that Plaintiff has not stated a cognizable claim as to his federal claims and therefore has not stated a basis for

jurisdiction over his state law claims. Accordingly, the undersigned will recommend that this action be dismissed without further leave to amend.

## I.   SCREENING REQUIREMENT

In cases, as here, where the plaintiff is proceeding *in forma pauperis*, (Doc. 3), the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is framed as a civil rights action brought by Plaintiff against the remanding private Defendants that he alleges acted under color of state law. (FAC at 2). Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as to his federal claims and supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367. Plaintiff names the following Defendants: Nathan Israel Nutting, Brian Ochoa Chavez, Julie Salkeld, and Alonzo Gradford, all attorneys who represented various persons in underlying state cases, and Rikki Nicole Green, the biological mothers of Plaintiff's minor child. (*Id.* at 3).

Plaintiff brings the following claims: (1) a section 1983 claim asserted against Defendant Nutting for the violation of the Fourteenth Amendment's Due Process Clause; (2) a section 1983

claim asserted against Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting alleging a violation of the First and Fourteenth Amendments based on denial of access to courts; and (3) a violation of the Uniform Child-Custody Jurisdiction and Enforcement Act asserted against Defendant Green alleging unauthorized interstate relocation of a minor child. (*Id.* at 6–8).

Plaintiff seeks various forms of declaratory and injunctive relief, compensatory damages, punitive damages, and attorney's fees. (*Id.* at 27).

**III.    ANALYSIS[1]**

**A.    Plaintiff fails to State a Claim for Any Violation of Section 1983 Against Defendants Ochoa Chavez, Salkeld, Gradford, & Nutting as to Claims One & Two.**

Plaintiff brings claims against Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting pursuant to section 1983 for violations of the First and Fourteenth Amendments. (FAC 6–8).

The undersigned again starts with the default rule that private individuals and entities not affiliated with a state or municipal government generally do not meet the elements of section 1983 that a defendant was acting "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). However, the actions of a private individual or entity may properly be attributed to the government for purposes of section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). If Plaintiff seeks to allege a claim under Section 1983 against a private individual or entity, he bears the burden to establish state action under one of the aforementioned tests. *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction

---

[1] An amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, the undersigned considers only Plaintiff's FAC.

3

of any one test is sufficient to find state action, so long as no countervailing factor exists.").

The undersigned again finds that Plaintiff's allegations fail to establish a *prima facie* case that these private actors, acting as private attorneys, acted in ways attributable to the government qualifying as "state action" sufficient to state a claim for a violation of section 1983.  As to claim one, Plaintiff alleges that "the combination of the false restraining-order assertion, defective evidentiary submission, and use of accelerated state-court process plausibly shows joint activity or a sufficient nexus between private conduct and state action, or at minimum warrants discovery on that issue."[2]  (FAC at 5; *see also id.* at 6–7).  And as to claim two, the gravamen of Plaintiff's factual allegations is that Defendants Ochoa Chavez, Salkeld, Gradford, and Nutting "with[eld] or fail[ed] to provide case materials, fail[ed] to preserve claims, abandon[ed] critical proceedings, create[ed] conflicts, and participat[ed] in procedural conduct that prevented Plaintiff from being heard."  (*Id.* at 6; *see also id.* at 7–8).  As to the issue of state action, these allegations boil down to the contention that Defendants' mere use of the state court system somehow transformed those acts into state action for the purposes of section 1983.  But such allegations do not give rise to a *prima facie* showing of "state action," as use of the state court system does not amount to joint activity or a sufficient nexus between private conduct and state action.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (Invoking state legal procedures does not constitute "joint participation" or "conspiracy" with state officials sufficient to satisfy section 1983's state action requirement."); *accord Hansen v. Delaney*, No. 221CV00135JADDJA, 2021 WL 3010241, at *6 (D. Nev. July 14, 2021).

Therefore, the undersigned recommends finding that Plaintiff has failed to state a claim as to counts one and two.

**B.      This Court Does Not Have Jurisdiction Over Plaintiff's State Law Claim, Claim Three**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  However, the Supreme Court has cautioned that

---

[2] The undersigned also notes that count two is plead as an "access to courts" claim, (FAC at 7–8), yet the undersigned is unaware of any authority that would support that claim as an actionable constitutional right under the First Amendment as applied to the states pursuant to the Fourteenth Amendment or a cognizable claim under section 1983.

"if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. Because all of Plaintiff's federal claims either fail as a matter of jurisdiction or fail to state a claim, the undersigned finds that this Court does not have jurisdiction over count eight, Plaintiff's state law claim and therefore recommends that it be dismissed without further leave to amend.

**C.    Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint if he believed that he could "provide additional factual allegations" that would state cognizable claims." (Doc. 4 at 11). But now, Plaintiff has repeatedly demonstrated that he is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his amended complaint. Thus, the undersigned declines to recommend any further leave to amend and recommends that the action be dismissed.

## IV.    CONCLUSION & RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint, (Doc. 8), be DISMISSED without further leave to amend.

These findings and recommendations are submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE