**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER L. PERKINS,<br><br>        Plaintiff,<br>  v.<br><br>SUPERIOR COURT OF TUOLUMNE, et al.,<br><br>        Defendants. | Case No. 1:26-cv-02601-JLT-EGC<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 9) |

Roger L. Perkins proceeds *pro se* and *in forma pauperis* in this action initiated on April 6, 2026. (Docs. 1, 3.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 21, 2026, the assigned magistrate judge screened Plaintiff's complaint and found it failed to state any cognizable claims. (Doc. 4.) The Court gave Plaintiff the option to amend the complaint, and he did so on June 5, 2026. (Doc. 8.) On June 9, 2026, the magistrate judge issued findings and recommendations, recommending that the amended complaint be dismissed without further leave to amend for failure to state a claim. (Doc. 9.) On June 15, 2026, **Error! Reference source not found.** filed objections to the findings and recommendations. (Doc. 10).

According to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review of the case. Having carefully reviewed the matter, including Plaintiffs' objections, the Court concludes the

findings and recommendation are supported by the record and proper analysis. As the magistrate judge indicated, the first amended complaint does not plausibly allege that any of the remaining defendants were state actors and thus Plaintiff fails to state any claims arising under 42 U.S.C. § 1983. (Doc. 9 at 4.) Plaintiff objects that the Court has failed to liberally construe his claim against Defendant Nutting, arguing that Nutting used a "state-created enforcement power" by "assert[ing] Plaintiff violated a DV-130 restraining order by attempting to file, serve, or pursue court-related matters," even though Plaintiff alleged the operative restraining order did not prohibit the conduct in question. (*See* Doc. 10 at 2–3.) However, those facts describe nothing more than the use by a private person of the state court system. In addition, though Plaintiff attempts to frame some of his allegations against private parties under an "access to the courts" theory, any such claims also fail because Plaintiff fails to articulate how any private person engaged in state action. Plaintiff has not explained how he might be able to amend his complaint to cure the identified defects, so further amendment will not be permitted. Accordingly:

1.    The findings and recommendations issued on June 9, 2026, (Doc. 9), are **ADOPTED**. Plaintiffs' federal claims are dismissed with prejudice and without leave to amend for failure to state a claim. As a result, the Court lacks jurisdiction over Plaintiffs' state law claims, which are dismissed without prejudice.

2.    The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order and to close this case.

IT IS SO ORDERED.

Dated:    **June 19, 2026**

UNITED STATES DISTRICT JUDGE

2